117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darwin Banta DUARIO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70528, Avn-nlr-kpl.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
June 24, 1997.
 
 1
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Darwin Banta Duario, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 4
 We review a factual determination of eligibility for asylum under the substantial evidence standard. See Prasad v. INS, 47 F.3d 336, 338-39 (9th Cir.1995). We must uphold the BIA's denial of asylum unless petitioner demonstrates that the evidence he presented was so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S 478, 481 (1992).
 
 
 5
 Duario contends that the BIA erred by finding that he did not have a well-founded fear of future persecution on account of political opinion. This contention lacks merit.
 
 
 6
 To be eligible for political asylum, Duario must establish that he has a well-founded fear of persecution on account of his political opinion. See Sanaha v. INS, 103 F.3d 1482, 1487 (9th Cir.1996). To establish persecution "on account of" political opinion, Duario must provide some evidence that the alleged persecutors were motivated by Duario's political opinion. See Elias-Zacarias, 502 U.S. at 482; Sanaha v. INS, 103 F.3d at 1490-91 (9th Cir.1997) (holding that attempted recruitment by terrorist group was not on account of political opinion where terrorists were recruiting Sangha to further their cause).
 
 
 7
 Duario failed to establish that his alleged fear of persecution was "on account of" his political opinion. See Sangha, 103 F.3d at 1490-91. Duario testified that he was a campaigner for a local candidate of the Philippine Democratic Party, and that some men whom he believed to be members of the New People's Army ("NPA") tried to recruit him and his friend to join their ranks. Duario further testified that shortly after the attempted recruitment, his friend was killed by unknown assailants who he speculated were the NPA. Duario also testified that after he left the country, unknown people came looking for him at his family's home, and his family's store burned down for unexplained reasons. Although Duario may have been a political campaigner, there is no evidence that the unidentified persons who attempted to recruit Duario and his friend knew Duario's political opinion or imputed one to him. See Sanaha, 103 F.3d at 1490. Further, Duario merely speculated that his friend's death, the visits to his house, and the burning of the store were related to Duario's political involvement. See Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990) (holding that speculative evidence is not sufficient to establish persecution on account of political opinion). As the BIA concluded, if the NPA had any interest in Duario, it was in furtherance of its own goals and not "on account of" his political opinion. See Elias-Zacarias, 502 U.S. at 481; Sangha, 103 F.3d at 1491.
 
 
 8
 Because Duario failed to show that the evidence he presented was so compelling that a reasonable factfinder would have to find the requisite fear of persecution, we conclude that Duario was not eligible for a grant of asylum and deny the petition. See Elias-Zacarias, 502 U.S at 481; Sanaha, 103 F.3d at 1490-91.[1]
 
 
 9
 Because Duario did not meet the lower standard for asylum, he could not meet the higher standard for withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). Accordingly, we deny his petition with respect to withholding of deportation.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we conclude that the alleged persecution was not "on account of" political opinion, we do not decide whether Duario's fear of persecution was well founded. See 8 U.S.C. § 1101(a)(42)(A). Further, as Duario did not put forth any evidence of past persecution, we do not consider whether he was a victim of past persecution. See id